Citation Nr: 1702627 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 09-46 435 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for diabetes mellitus. 


WITNESS AT HEARING ON APPEAL

The Veteran 


ATTORNEY FOR THE BOARD

J. Murray, Counsel 


INTRODUCTION

The Veteran served on active duty in the United States Army from December 1970 to November 1977. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a March 2008 rating decision by the Department of Veteran's Affairs, Regional Office, located in Atlanta, Georgia (RO), which in pertinent part of the rating decision, the RO denied the claim for service connection for diabetes mellitus. 

In February 2014, the Veteran testified before a Veterans Law Judge (VLJ) during a hearing held at the RO. A transcript of the hearing is associated with the claims file. 

In a July 2014 decision, the Board denied the Veteran's claim for entitlement to service connection for diabetes mellitus. The Veteran appealed the denial of his claim to the United States Court of Appeals for Veterans Claims (Court). In a September 2015 Order, the Court granted a Joint Motion for Remand, vacated a July 2014 Board decision, and remanded the case for compliance with the terms of the Joint Motion for Remand. 

In March 2016, the Board remanded the matter on appeal to the RO (via the Appeals Management Center (AMC)) for additional development, to include obtaining a VA examination to determine the nature and etiology of the Veteran's diabetes mellitus. 


FINDING OF FACT

The competent medical evidence of record shows that the Veteran's diabetes mellitus was not diagnosed until decades after his separation from his period of service, and the preponderance of the evidence is against a finding that his diabetes mellitus is otherwise related to his period of service. 


CONCLUSION OF LAW

The criteria for entitlement to service connection for diabetes mellitus have not been met. 38 U.S.C.A. §§ 1101, 1110, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA's Duty to Notify and Assist 

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2016).

Here, VA provided the Veteran with an October 2007 notice letter for his claim for service connection. In that letter, VA also informed the Veteran of how VA establishes disability ratings effective dates. In light of the foregoing, the Board finds that all the notice required was furnished to the Veteran and that no useful purpose would be served by delaying appellate review to issue additional notice letters.

In addition to its duty to notify, or inform, the Veteran with regard to his claim, VA also has a duty to assist in the development of the claim. This duty includes assisting in the procurement of service treatment records and records of pertinent medical treatment since service, and providing the Veteran a medical examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

In this case, VA has made reasonable efforts to obtain any available pertinent records as well as all relevant records adequately identified by the Veteran. Specifically, the information and evidence that have been associated with the claims file consist of the Veteran's service treatments records and other pertinent documents discussed below. 

In addition, VA provided the Veteran with examination in April 2016 to determine the nature and etiology of the Veteran's diabetes mellitus. The 2016 VA examiner recorded the Veteran's reported medical history and findings from clinical examination, and he provided a medical conclusion that addressed whether the Veteran's claimed condition was result of his period of service. The examination report is fully adequate for adjudication purposes. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

The record shows that the Veteran's VA treatment records have been obtained and associated with the claims folder, and adequate VA medical opinion was obtained in conjunction with the Veteran's claim. A review of the record reflects compliance with the Board's March 2016 remand directives, and no further action is required. See Stegall v. West, 11 Vet. App. 268 (1998).

The Veteran has not identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. See Bernard v. Brown, 4 Vet. App. 384 (1993).

Service Connection 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110 (West 2014); 38 C.F.R. § 3.303 (2016). Regulations also provide that service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury which was incurred in or aggravated by service. Id. 

In order to show a chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support a claim. There must be competent medical evidence unless the evidence relates to a condition as to which lay observation is competent to identify its existence. See 38 C.F.R. § 3.303(b).

Service connection may be granted on a presumptive basis for certain chronic diseases if they are shown to be manifest to a degree of 10 percent or more within one year following the Veteran's separation from active military service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2016).

To prevail on the issue of service connection, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The determination as to whether the requirements for service connection are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. 38 U.S.C.A. § 7104(a); Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a). 

If there is at least an approximate balance of positive and negative evidence regarding any issue material to the claim, the claimant shall be given the benefit of the doubt in resolving each such issue. 38 U.S.C.A. § 5107; Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); 38 C.F.R. §§ 3.102. On the other hand, if the Board determines that the preponderance of the evidence is against the claim, it has necessarily found that the evidence is not in approximate balance, and the benefit of the doubt rule is not applicable. Ortiz, 274 F.3d at 1365.

The Veteran seeks entitlement to service connection for diabetes mellitus. He contends that his diabetes mellitus is related to his military service. The Veteran reports that during his period of service, he was evaluated as being overweight and he was placed on a weight management program. He also reported that he was given "white pills" every other week as part of the weight management program. The Veteran denied being diagnosed with diabetes mellitus during his period of service, but he believes that the weight management problems he experienced in service marked the onset of his diabetes mellitus. See February 2014 Board hearing transcript, pages 5 and 6. 

As noted above, in order to establish service connection for the claimed disorder, there must be (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus or relationship between the two. Shedden v. Principi, 381 F.3d at 1167.

With respect to element (1), the medical evidence of record demonstrates that the Veteran has a current diagnosis of diabetes mellitus. See VA treatment records starting in March 2004 and the report of an April 2016 VA examination. Element (1), current disability, is satisfied. 
The Board will now turn to whether the evidence of record supports element (2), in-service disease or injury. The service treatment records do not show that the Veteran was diagnosed with diabetes mellitus or indicate that he was being treated for diabetes mellitus. A July 1974 service treatment record does show that the Veteran had elevated glucose levels on laboratory testing, and later July 1974 laboratory results show that he still had elevated but lower glucose levels. An August 1974 service treatment record notes that the Veteran's laboratory results revealed elevated blood sugar levels, but no diagnosis was provided. Subsequent laboratory results in September 1975 and November 1976 show he had normal glucose levels. At the time of the Veteran's November 1977 examination prior to separation, his endocrine system was evaluated as normal and urinalysis was negative. An associated report of medical history is unavailable. 
The record also shows that after his separation from service, the Veteran was afforded a VA general medical examination in January 1978. Laboratory results from that examination showed his glucose level was within normal limits. Another VA examination dated in May 1978 also contains normal laboratory findings for glucose level. 

The available subsequent post-service treatment records do not show that the Veteran was treated for diabetes mellitus until March 2004. At that time, the VA treatment record revealed that the Veteran was assessed with diabetes mellitus base on contemporary laboratory findings that demonstrated increased glucose levels. Subsequent VA treatment record shows that the Veteran has been treated for diabetes mellitus since 2004. 

Here, the evidence of record does not show that the Veteran's diabetes mellitus was diagnosed until 2004, which comes 27 years after his period of service. While the 1974 service treatment records show that the Veteran had elevated glucose levels, those records do not show that he was diagnosed or treated for diabetes mellitus. Moreover, the subsequent laboratory findings during the remainder of his service and in the first year after his separation from service, demonstrate that his glucose levels were within normal limits. Competent evidence of record does not demonstrate that the Veteran was first diagnosed with diabetes mellitus during his periods of service or within the first year after his separation from service. Service connection on a presumptive basis has not been established. 38 C.F.R. §§ 3.303, 3.307, 3.309. 

That being said, the Board cannot ignore the in-service laboratory findings that show the Veteran had elevated glucose levels in 1974 or the Veteran's reports of being placed on a weight management program in 1974. Given the 1974 laboratory findings as well as the Veteran's reported history, and resolving any doubt in the Veteran's favor, the Board finds that element (2) in-service injury has been shown. 

With respect to element (3), nexus or relationship, there is no favorable medical nexus opinion of record that supports a medical link between the current diagnosed diabetes mellitus and the Veteran's period of service. Here, the record contains the medical opinion from the April 2016 VA examiner, who concluded that it was less likely than not that the Veteran's diabetes mellitus was incurred in or otherwise related to his period of service. 

In support of this medical conclusion, the 2016 VA examiner noted a review of the Veteran's service treatment records failed to show laboratory findings that meet the criteria for a diagnosis of diabetes mellitus. The VA examiner stated that although the 1974 service laboratory results showed elevated glucose levels, those levels did not meet the criteria for a diagnosis of diabetes mellitus as his fasting glucose was less than 126 and his two hour glucose was less than 200. The VA examiner also noted that while obesity was a risk factor for developing diabetes mellitus, being obese alone without meeting the diagnostic criteria for diabetes mellitus did not mark the onset of the Veteran's diabetes mellitus. Instead, the medical evidence demonstrated that the Veteran continued to be obese for another twenty years before he was officially diagnosed with diabetes mellitus in 2004. 

The 2016 VA examiner concluded that it was less likely than not that the Veteran could be diabetic for 30 years without signs and symptoms of the disease. Rather, the VA examiner noted that a review of the medical literature shows that individuals with pre-diabetes are likely to develop diabetes mellitus within 10 years. There is no medical opinion to the contrary. 

As noted above in the legal criteria above, under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third service-connection element for certain chronic diseases is through a demonstration of continuity of symptomatology. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); see also Savage, 10 Vet. App. at 495-97. The Veteran asserts that he first experienced symptoms of diabetes mellitus during his period of service. In addition, the service treatment records do show findings of elevated blood sugar in service. 

Notably, diabetes mellitus is a disorder that is demonstrated through the results of blood sugar testing, and the Board observes that such laboratory testing does not contemplate any symptoms that would be capable of lay observation. See 38 C.F.R. § 3.159(a)(2); Barr v. Nicholson, 21 Vet. App. 303 (2007). The competent medical evidence does not show that the Veteran was diagnosed with diabetes mellitus until 2004, which comes decades after his separation from service. Moreover, the Veteran had normal laboratory findings at the time of his separation and during his VA examinations dated within the first year after his separation from service. The medical evidence of record does not demonstrate a continuity of elevated blood sugar levels since his period of service. Further, the 2016 VA examiner opined that the elevated glucose levels in service did not mark the onset of the Veteran's diabetes mellitus, and the medical evidence did not meet the diagnostic criteria for a diagnosis of diabetes mellitus until 2004. The Board finds that the medical evidence of record outweighs the Veteran's assertions of continuity of symptoms since service. 

Accordingly, element (3), a nexus or relationship between the current diagnosed disorder and injury in service, have not been satisfied, and the Veteran's service-connection claim for diabetes mellitus fails on this basis. The benefit of the doubt rule is not for application because the evidence is not in relative equipoise.


ORDER

Entitlement to service connection for diabetes mellitus is denied. 




____________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs